1
2
3
4

Victor de Gyarfas (SBN 171950)
email: vdegyarfas@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone:  213-972-4500
Facsimile:    213-486-0065

5
6
7
8

Jonathan R. Spivey (*Pro Hac Vice*)
email: Jonathan.Spivey@bgllp.com
**BRACEWELL & GIULIANI LLP**
711 Louisiana Street, Suite 2300
Houston, TX  77002
Telephone:  713-221-1227
Facsimile:    713-221-1212

9

**Attorneys for Defendant**
**United Technologies Corporation**

10

11          **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13          **WESTERN DIVISION AT LOS ANGELES**

14

| | |
|---|---|
| 15  LIMNIA, INC., | Case No. 2:11-cv-07545-JHN (MANx) |
| 16                     Plaintiff, | Honorable Judge Jacqueline H. Nguyen |
| 17       vs. | **DEFENDANT UNITED** |
| 18  ENERGY CONVERSION DEVICES, | **TECHNOLOGIES** |
| 19  INC.; UNITED TECHNOLOGIES | **CORPORATION'S NOTICE OF** |
|     CORPORATION; and | **MOTION AND MOTION TO** |
| 20  AEROVIRONMENT, INC., | **DISMISS UNDER FED. R. CIV. P.** |
| 21                     Defendants. | **12(B)(6) OR TO DISMISS OR SEVER** |
| 22 | **FOR MISJOINDER AND MOTION** |
|    | **FOR SANCTIONS;** |
|    | **AND MEMORANDUM OF POINTS** |
| 23 | **AND AUTHORITIES IN SUPPORT** |
|    | **OF MOTION** |
| 24 | |
| 25 | Date: March 19, 2012 |
| 26 | Time:  2:00 PM |
|    | Courtroom: 790 |
| 27 | |
| 28 | |

## NOTICE OF MOTION AND MOTION TO
## DISMISS OR SEVER FOR MISJOINDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 19, 2012 at 2:00 PM, or as soon thereafter as this matter may be heard, before the Honorable Judge Jacqueline H. Nguyen in Courtroom 790 of this Court, located at 255 East Temple Street, Los Angeles, CA 90012, defendant United Technologies Corporation, will move for an order dismissing the case or severing UTC from this action and for an order granting sanctions against plaintiff Limnia, Inc.

This motion is made pursuant to Rules 8, 12, 20 and 21 of the Federal Rules of Civil Procedure and is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers that are of record in this case, and the oral arguments of counsel made at the hearing on this Motion.  This Motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on January 10, 2012 and January 16, 2012.

Dated:  January 30, 2012                       Respectfully submitted,


                                  By:  /s/ Victor de Gyarfas
                                       Victor de Gyarfas
                                       FOLEY & LARDNER LLP

                                       Jonathan R. Spivey
                                       BRACEWELL & GIULIANI LLP

                                       Attorneys for Defendant
                                       UNITED TECHNOLOGIES
                                       CORPORATION

1

CASE NO.  2:11-CV-07545-JHN (MANX)
DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MEMO OF P&As ISO MOTION TO DISMISS OR SEVER

4847-3418-8558.1

# **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ................................................................. 1

II.    BACKGROUND ................................................................. 2

III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON
       WHICH RELIEF CAN BE GRANTED ......................................... 6

       A.    Applicable Legal Standards .......................................... 6

       B.    Plaintiff's Complaint Is Devoid Of Factual Content Sufficient
             To Support Its Claim For Direct Infringement .................... 8

IV.    PLAINTIFF'S ATTEMPT TO JOIN THE DEFENDANTS IN THIS
       ACTION VIOLATES FED. R. CIV. P. 20 ................................... 11

       A.    Applicable Legal Standard ......................................... 12

       B.    Plaintiff's Infringement Claims Against UTC Do Not Arise Out
             Of The Same Transaction, Occurrence, Or Series Of
             Transactions As Its Claims Against Other Defendants ........... 13

       C.    There Are No Common Questions Of Law Or Fact .............. 16

       D.    UTC Will Suffer Unfair Prejudice ................................. 17

       E.    Severance Will Promote Judicial Economy and Convenience .......... 18

V.     PLAINTIFF AND ITS COUNSEL SHOULD BE SANCTIONED ............. 19

       A.    Legal Standards ..................................................... 19

       B.    Application of the Standards ....................................... 20

VI.    CONCLUSION ............................................................... 22

i

CASE NO.  2:11-CV-07545-JHN (MANX)
DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MEMO OF P&As ISO MOTION TO DISMISS OR SEVER

4847-3418-8558.1

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Androphy v. Smith & Nephew*,
  31 F. Supp. 2d 620 (N.D. Ill. 1998).................................................................14

*Antonious v. Spalding & Evenflo Cos., Inc.*,
  275 F.3d 1066 (Fed. Cir. 2002) .......................................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ......................................................*in passim*

*B.K.B v. Maui Police Dep't*,
  276 F.3d 1091 (9th Cir. 2002) ..........................................................................20

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .........................*in passim*

*Bender v. LG Electronics U.S.A., Inc.*,
  C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) .................9

*Bravado Int'l Group Merchandising Servs. v. Cha*,
  *No.* cv-09-9066-PSG, 2010 WL 2650432 (C.D. Cal. June 30, 2010)...............12

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991)......................................................................................20, 22

*Conley v. Gibson*,
  355 U.S. 41 (1957).............................................................................................6

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ...............................................................*in passim*

*DirecTV v. Loussaert*,
  218 F.R.D. 639 (S.D. Iowa 2003)....................................................................13

*Finisar Corp. v. Source Photonics, Inc.*,
  No. C 10-00032 WHA (N.D. Cal. May 5, 2010) ........................................18, 19

ii

CASE NO.  2:11-CV-07545-JHN (MANX)
DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MEMO OF P&As ISO MOTION TO DISMISS OR SEVER

4847-3418-8558.1

*Fink v. Gomez,*
     239 F.3d 989 (9th Cir. 2001) ..........................................................................19

*Insituform Tech., Inc. v. CAT Contracting, Inc.,*
     385 F.3d 1360 (Fed. Cir. 2004) ......................................................................13

*Joao Control & Monitoring Sys. Of California v. ACTi Corp. Inc.,*
     No. 8:10-CV-01909-DOC-RNB, slip op. at 2 (C.D. Cal. Apr. 19, 2011)
     (Ex. 8) ........................................................................................................13, 15

*Medsquire LLC v. Spring Medical Systems Inc. et al,*
     No. 2:11-cv-04504, slip op. at 5 (C.D. Cal. Aug. 31, 2011) (Ex. 5) ..........1, 7, 10

*Microsoft Corp. v. Phoenix Solutions, Inc.,*
     No. 2:10-cv-03846, slip op. at 3-5 (C.D. Cal. Nov. 4, 2010) (Ex. 7)...................7

*Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Ass'n, Inc.,*
     525 F. Supp. 2d 1049 (N.D. Ill. 2007).............................................................13

*Mymail, Ltd. v. Am. Online, Inc.,*
     223 F.R.D. 455 (E.D. Tex. 2004) ...............................................................15, 16

*New Jersey Mach. Inc. v. Alford Indus., Inc.,*
     No. 89-1879 (JCL), 1991 WL 340196 (D.N.J. Oct. 7, 1991) ....................15, 16

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,*
     521 F.3d 1351 (Fed. Cir. 2008) ......................................................................17

*Pergo, Inc. v. Alloc, Inc.,*
     262 F. Supp. 2d 122 (S.D.N.Y. 2003) ..............................................................15

*Philips Elecs. N. Am. Cor. v. Contec Corp.,*
     220 F.R.D. 415 (D. Del. 2004) ...................................................................15, 18

*RPost Holdings, Inc. v. Swiss Post,*
     No. 2:10-cv-09880, slip op. at 3-4 (C.D. Cal. July 12, 2011) (Ex. 6).................7

*Silicon Graphics, Inc. v. ATI Techs, Inc.,*
     607 F.3d 784 (Fed. Cir. 2010) ........................................................................16

iii

*Smartmetric Inc. v. MasterCard Inc.*,
 No. 2:10-cv-01864, slip op. at 3 (C.D. Cal. July 8, 2010) (Ex. 4 to the
 Declaration of Victor de Gyarfas in Support of UTC's Motion to
 Dismiss) ..................................................................................*in passim*

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
 No. 10 C 1101, 2010 U.S. Dist. LEXIS 90549 (N.D. Ill. Sept. 1, 2010) ......14,15

*Thomas v. Capital Sec. Svcs., Inc.*,
 836 F.2d 866 (5th Cir. 1988) ("[S]ection 1927 imposes a continuing
 obligation on attorneys by prohibiting the persistent prosecution of a
 meritless claim.") ..................................................................................20

*WiAV Networks, LLC v. 3Com Corp.*,
 No. C 10-03448 WHA, 2010 WL 3895047
 (N.D. Cal. Oct. 1, 2010) ..........................................................*in passim*

**STATUTES**

28 U.S.C. § 1498..................................................................................3

28 U.S.C. § 1927..........................................................................19, 20, 22

35 U.S.C. § 299..........................................................................1, 14

**RULES**

Fed. R. Civ. P. 8(a)(2)..........................................................................6

Fed. R. Civ. P. 12(b)(6) ..........................................................................6, 22

Fed. R. Civ. P. 20..........................................................................*in passim*

Fed. R. Civ. P. 20(a)(2)..........................................................................1, 11

Fed. R. Civ. P. 20(a)(2)(A) ..........................................................................22

Fed. R. Civ. P. 20(a)(2)(B) ..........................................................................16, 22

Fed. R. Civ. P. 21..........................................................................2, 13, 22

**REGULATIONS**

48 CFR 52.227-1..........................................................................3

iv

## I.    INTRODUCTION

Plaintiff Limnia, Inc.'s ("Plaintiff" or "Limnia") first amended complaint ignores this Court's November 22, 2011 Order, which granted United Technologies Corporation's ("UTC") motion to dismiss for failure to satisfy the pleading standards. Choosing not to respond to the motion, Plaintiff conceded that its initial complaint did not satisfy the pleading standard for claims of patent infringement[1] and for misjoinder. Disregarding the reasons for dismissal, Plaintiff for a second time failed to satisfy the applicable pleading standard with its amended complaint.

Plaintiff's initial complaint failed to name any actual UTC products or allege how any claim elements of the patents-in-suit were practiced by UTC.  The amended complaint suffers the same deficiencies by failing to accuse any actual UTC product. Like the initial complaint, the amended complaint also fails to distinguish between direct infringement and indirect infringement, making it impossible to discern any facts entitling it to relief for indirect infringement.

Further, Plaintiff has joined three defendants with no apparent relation to one another.  Plaintiff has not—and indeed cannot – allege claims against the several defendants that arise from the same "transaction, occurrence, or series of transactions or occurrences," as required by Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. § 299.  The amended complaint fails to allege any relationship or collaboration among the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *see also Smartmetric Inc. v. MasterCard Inc.*, No. 2:10-cv-01864, slip op. at 3 (C.D. Cal. July 8, 2010) (Ex. 4 to the Declaration of Victor de Gyarfas in Support of UTC's Motion to Dismiss) (dismissing the first amended complaint for being "devoid of factual content sufficient to support a reasonable inference that Defendants' accused products infringe the '464 patent"); *Medsquire LLC v. Spring Medical Systems Inc. et al*, No. 2:11-cv-04504, slip op. at 5 (C.D. Cal. Aug. 31, 2011) (Ex. 5) (dismissing complaint for providing nothing more than "naked assertions devoid of further factual enhancement," and rejecting the sufficiency of pleading in conformance with Form 18 under *Twombly* and *Iqbal*).

1

CASE NO.  2:11-CV-07545-JHN (MANX)
DEFENDANT UNITED TECHNOLOGIES CORPORATION'S MEMO OF P&As ISO MOTION TO DISMISS OR SEVER

4847-3418-8558.1

1 defendants, or any act(s) of infringement that involve multiple defendants.
2 Defendants cannot, therefore, be joined in a single case and the proper remedy is
3 dismissal of Plaintiff's claims as to all but one defendant, pursuant to Fed. R. Civ. P.
4 21.

5      Finally, Plaintiff and its counsel should be sanctioned for filing and maintaining
6 a frivolous lawsuit.  Three egregious actions by Plaintiff and its counsel compel this
7 conclusion.  *First,* Plaintiff and its counsel have maintained its baseless patent
8 infringement allegations against UTC despite being made aware that UTC does not
9 perform any acts that would even remotely constitute infringement of the asserted
10 patents.  *Second*, Plaintiff and its counsel have unnecessarily delayed this action,
11 imposed needless costs, and wasted judicial resources by provoking UTC to file a
12 motion to dismiss but then taking no action in response to the motion.  Plaintiff could
13 have avoided such delay, cost, and waste if Plaintiff had earlier amended or dismissed
14 its allegations against UTC.  *Third*, Plaintiff and its counsel continue to assert legally
15 and factually deficient allegations in bad faith and have unduly multiplied and
16 needlessly increased the cost of litigation for UTC by failing to conform its pleadings
17 to the standard required by this Court.

18      For these reasons, UTC requests that the Court enter an order finding that
19 Plaintiff has failed to state a plausible claim for relief and that the action be dismissed
20 with prejudice and that Plaintiff and its counsel be sanctioned and ordered to pay
21 UTC's fees and costs associated with defending this baseless patent infringement
22 action.

23

## II.   BACKGROUND

25      On September 13, 2011, Plaintiff filed a single action in the Central District of
26 California that failed to meet the applicable pleading standard and improperly joined
27 three separate defendants (the "Initial Complaint").  (Dkt. No. 1).

28

Shortly after being sued in this case, UTC contacted Plaintiff's counsel to communicate that UTC does not manufacture or sell the accused products.  10/25/11 email de Gyarfas to Bright (Ex. 1); 10/28/11 email Spivey to Bright (Ex. 2)  UTC also informed Plaintiff's counsel that, to the extent Limnia is accusing UTC of infringement with respect to work it performed pursuant to contracts with the Government, those contracts include the Authorization and Consent clauses pursuant to 48 CFR 52.227-1, thus foreclosing a remedy against UTC under 28 U.S.C. § 1498. 10/28/11 email Spivey to Bright (Ex. 2).  UTC has repeatedly requested that Plaintiff dismiss or clarify its allegations so that UTC can understand what product or products are alleged to infringe the asserted patents.  *See, e.g., Id.*

Plaintiff has repeatedly disregarded any efforts by UTC to secure the dismissal or amendment of Plaintiff's legally and factually deficient claims.  First, Plaintiff took no action in response to the detailed concerns expressed by UTC in the correspondence described above.  UTC had no choice but to prepare a motion to dismiss all claims against UTC, which was filed with this Court on November 9, 2011.  (Dkt. No. 10).  Then, after filing its motion, UTC *once again* urged Plaintiff's counsel to dismiss or amend Plaintiff's allegations with respect to UTC.  *See* 11/22/11 Letter Spivey to Bright (Ex. 3).  In this correspondence, UTC also informed Plaintiff that "Limnia's continued pursuit of this action in view of the issues raised herein may support an exceptional case determination entitling UTC to its expenses and attorneys' fees."  *Id*.  Plaintiff and its counsel ignored this request.  Moreover, and more surprisingly, **Plaintiff neglected to respond to UTC's motion**.  Accordingly, upon expiration of Plaintiff's time to respond, this Court considered UTC's motion to dismiss as unopposed and issued an order dismissing this action but granted leave to file an amended complaint.  (Dkt. No 15).

Nether Plaintiff nor its counsel have made a substantive attempt to address the substantial concerns raised by UTC in its earlier and most recent correspondence.

1    And, inexplicably, Plaintiff has *once again* brought the same deficient allegations

2    before this Court in its amended complaint filed on December 27, 2011.  (Dkt. No. 19)

3    (the "Amended Complaint").

4        The Amended Complaint alleges infringement by the same three separate,

5    unrelated parties that were improperly joined in the Initial Complaint: Energy

6    Conversion Devices, Inc., UTC, and Aerovironment, Inc. (each a "Defendant" and

7    collectively the "Defendants").   First Am. Compl. ¶ 1.   Identical to the Initial

8    Complaint, the Amended Complaint describes each of these defendants as a separate

9    business entity and is silent about any of the defendants relationships to one another.

10   First Am. Compl. ¶ 5.  The Amended Complaint also conclusorily alleges that each

11   defendant independently made, used, sold, or offered its own allegedly infringing

12   products or services—just as in the Initial Complaint—instead of identifying

13   transaction(s) or occurrence(s) involving multiple defendants.  First Am. Compl. ¶ 7.

14       The Amended Complaint identifies two patents that are allegedly infringed by

15   Defendants:  United States Patent No. 7,011,768 ("the '768 patent") and U.S. Patent

16   No. 8,066,946[2] ("the '946 patent") (collectively, the "patents-in-suit").    First Am.

17   Compl. ¶ 1.  The Amended Complaint alleges that UTC infringes claim 1 of the '768

18   patent (which is directed to compositions of matter and related systems and methods)

19   and claim 1 of the '946 patent (which is directed to systems).   Like the Initial

20   Complaint, the Amended Complaint is remarkably brief, at nine (9) paragraphs total,

21   and does not allege that Plaintiff provided any actual or constructive notice of the

22   patents-in-suit to any of the defendants.

23

24

---

25   [2] The '946 patent is asserted for the first time in the Amended Complaint.  In the
     Initial Complaint, Plaintiff improperly alleged infringement by an unissued patent
26   application (U.S. Publication No. 2007/0259220Al), which issued as the '946 patent
27   on November 29, 2011—one week after dismissal of the Initial Complaint.

28

4847-3418-8558.1

For a second time, the only paragraph that mentions infringement by UTC is replete with formulaic recitations of the cause of action—and is entirely bereft of facts:

> "On information and belief, Defendants have infringed the Limnia patents by making, selling, and offering to sell, in this judicial district, hydrogen storage systems/products" e.g. . . . . **UTC's Storage Containers For Use as/in Hydrogen Fuel Cassettes** in Systems That Include Hydrogen Recovery Units and Controllers That Receive Information From Such Cassettes and/or Recovery Units . . . ."

First. Am. Compl. ¶ 7. (emphasis added).  Critically, the Amended Complaint *still* fails to accuse any actual UTC product.  In fact, the alleged UTC product is *even less specifically identified* than in the Initial Complaint: Plaintiff now accuses "UTC's Storage Containers" as opposed to the previously-accused "Alanate Hydrogen Storage Systems and Metal Hydride Systems and Polymer-Dispersed Metal Hydride (PDMH) System."  *Compare* First Am. Compl. ¶ 7 *with* Compl. ¶ 7.[3]  Moreover, the alleged "Storage Containers" are accused of practicing *only one limitation* of a single claim having multiple limitations.  *Compare* First Am. Compl. ¶ 7 ("UTC's Storage Containers For Use as/in Hydrogen Fuel Cassettes") *with* '946 patent, Claim 1 ("A system comprising: *a hydrogen fuel cassette* having … a **hydrogen storage material** …; and *a hydrogen recovery unit* having a **receptacle** …; and *a controller* … having *a storage device storing instructions* ….") (emphasis added).  Plaintiff does not even attempt to identify a UTC product that practices the other limitations of Claim 1, such as a "hydrogen storage material," a "hydrogen recovery unit," a "receptacle," a "controller," or a "storage device storing instructions," for example.  *See, e.g.,* First Am. Compl. ¶ 7.  Furthermore, even though the patents-in-suit include composition

---

[3] Also, Plaintiff does not allege that "UTC's Storage Containers" relate in any way to the previously-accused "Systems."

4847-3418-8558.1

claims and method claims, the Amended Complaint does not accuse UTC of practicing any compositions or methods.  *See, e.g.,* First. Am. Compl. ¶ 7.[4]

## III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   Applicable Legal Standards

Dismissal of a pleading is warranted when that pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Twombly*, the Supreme Court held that a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'"—as the Court explained—requires "*more than labels and conclusions*." *Id*. (emphasis added).  The Court reiterated that "a formulaic recitation of the elements of a cause of action will not do." *Id*.

In a later case, the Supreme Court expounded how *Twombly* rested on two separate "working principles." *See Iqbal*, 129 S. Ct. at 1949.  The first principle is that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949-50.  The second principle is that even if a complaint alleges more than just legal conclusions, it still may not be sufficient, as "*only a complaint that states a plausible claim for relief* survives a motion to dismiss." *Id*. at 1950 (emphasis added).

Thus, under *Twombly* and *Iqbal*, Rule 8(a)(2) "requires a [complaint to provide a] showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550

---

[4] To the extent that Plaintiff alleges that any method or composition claims are infringed, Plaintiff has provided *no factual allegations whatsoever*.

U.S. at 556 n.3.  Further, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.  Even further, the complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Judges in this District—including this Court—have held that "the 'plausible claim for relief' standard from *Iqbal* alters the evaluation of the sufficiency of a complaint" and have dismissed complaints for patent infringement that fail to meet that standard.  *See Smartmetric*, Ex. 4, at 3 (dismissing the first amended complaint for being "devoid of factual content sufficient to support a reasonable inference that Defendants' accused products infringe the '464 patent"); *Medsquire*, Ex. 5, at 4-5 (dismissing complaint for providing nothing more than "naked assertions devoid of further factual enhancement" and rejecting the sufficiency of pleading in conformance with Form 18 under *Twombly* and *Iqbal*).  *See also*, *RPost Holdings, Inc. v. Swiss Post*, No. 2:10-cv-09880, slip op. at 3-4 (C.D. Cal. July 12, 2011) (Ex. 6); *Microsoft Corp. v. Phoenix Solutions, Inc.*, No. 2:10-cv-03846, slip op. at 3-5 (C.D. Cal. Nov. 4, 2010) (Ex. 7).

Specifically, this Court requires the allegations in support of direct infringement to "identify adequately which of Defendants' products or components of Defendants' products [are] alleged to do what the [patent-in-suit] does." *Smartmetric*, Ex. 4, at 6 (citations omitted).  Further, "[a]lthough Plaintiff need not plead with specificity all the ways in which Defendants' accused products work," the complaint as pleaded should not be "devoid of factual content sufficient to support a reasonable inference that Defendants' accused products infringe the [patents-in-suit]."  *Id*. at 7 (citations omitted).

4847-3418-8558.1

**B.     Plaintiff's Complaint Is Devoid Of Factual Content Sufficient To Support Its Claim For Direct Infringement**

Plaintiff, *once again*, has failed to comply with this Court's pleading standard in this action. The Amended Complaint, just like the Initial Complaint, lacks any "plausible claim for relief" and is devoid of "factual content sufficient to support a reasonable inference" that UTC infringes the patents-in-suit. *See Twombly*, 550 U.S. at 570; *Iqbal,* 129 S. Ct. at 1949. In fact, Plaintiff's new allegations against UTC are even *more deficient* than the those dismissed by this court in the Initial Complaint. Plaintiff, for example, failed to accuse any actual UTC product. *See* First Am. Compl. ¶ 7. Also, the only purported "infringement" by UTC is an allegation that UTC practices *one element* of *one claim* of the patents-in suit. *Id.* And even further, Plaintiff provides no factual allegations of the alleged infringement, but relies entirely on regurgitated claim language and other legal conclusions. *Id.* Accordingly, Plaintiff's claim for direct infringement against UTC must be dismissed. *See Twombly,* 550 U.S. at 556.

Plaintiff failed to set forth a plausible claim for relief at least because there is no specifically identified product accused of infringement. Plaintiff's merely alleges that "UTC's Storage Containers [are used] as/in Hydrogen Fuel Cassettes." *See* First Am. Compl. ¶ 7. Plaintiff makes no effort to identify what constitutes a "Storage Container" in light of the inherent ambiguity of this term.[5] *Id*.

To the extent that Plaintiff alleges that "UTC's Storage Containers" infringe claim 1 of the '946 patent, Plaintiff appears to have ignored elementary patent law, which recognizes a claim for direct patent infringement only where an accused

---

[5] Also, Plaintiff does not describe whether any "Storage Containers" are alleged to have been made, used, offered for sale, sold, or imported by UTC. By vaguely using the word "UTC's" as a possessive adjective, Plaintiff does little to limit the accusations to any specific product or products.

product practices all limitations of a single claim.  For example, Plaintiff alleges that such "Storage Containers" practice only one element (*i.e.*, a "hydrogen fuel cassette") of claim 1 of the '946 patent.[6]  *Id.*  Also, for example, Plaintiff does not identify how these alleged "Storage Containers" (or any UTC product or process) could infringe any claims of the '768 patent, which is directed to a composition of matter and related methods.  *Id.*

Without specifically identifying any product accused of infringement, the Amended Complaint lacks any plausible claim for relief.  *See Smartmetric*, Ex. 4, at 6 (quoting *Bender v. LG Electronics U.S.A., Inc.,* C 09-02114 JF (PVT), 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010) (stating that, post-*Iqbal*, "[s]ufficient allegations would include, *at a minimum*, a brief description of what the patent at issue does, and an allegation that *certain named and specifically identified products* or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.") (emphasis added)); *see also Bender*, 2010 WL 889541, at *3 ("By pointing to broad categories of products with respect to which he has a 'good faith belief' in the 'very substantial likelihood of infringement,' Bender simply does not state a 'plausible claim for relief.'").

In addition, the Amended Complaint lacks sufficient "factual content" for establishing a plausible claim for relief.  With respect to the '768 patent, for example, no relevant facts are alleged whatsoever.  *Id.*  And with respect to the '946 patent, Plaintiff does not provide "factual content" merely by reciting claim elements.  *Compare Id.* (*e.g.*, "**Hydrogen Fuel Cassettes** in **Systems** That Include **Hydrogen**

---

[6]  Although Plaintiff also speculates that certain unnamed "Systems" practice additional elements of this Claim 1 (*e.g.*, "hydrogen recovery units" and "controllers that receive information"), Plaintiff does not tie UTC to these unnamed "Systems" in any way.  Plaintiff has also failed to allege sufficient facts to support a finding of indirect infringement.  For example, Plaintiff has not alleged any actual or constructive notice of the patents-in-suit to any of the defendants.

*Recovery Units* and *Controllers*") *with* '946 Patent, claim 1 ("A **system** comprising: *a hydrogen fuel cassette* …; and *a hydrogen recovery unit* …; and *a controller* ….") (emphasis added).  This is nothing more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949-50*; see also Twombly*, 550 U.S. at 555 (proscribing "a formulaic recitation of the elements of a cause of action").  This Court should not accept these "legal conclusions" as true. *See Iqbal,* 129 S. Ct. at 1949-50.  Once this Court "disregard[s] the purely conclusory aspects of Plaintiff's allegations, and viewing the remainder in the light most favorable to Plaintiff, the threadbare allegations in the [Complaint] are not sufficient to plausibly give rise to a claim for relief." *Smartmetric*, Ex. 4, at 6 (internal quotations omitted).  The Amended Complaint, lacking any relevant facts, cannot create a reasonable inference that UTC is liable for the infringement alleged. *Iqbal*, 129 S. Ct. at 1949.  Plaintiff's allegations, therefore, have no "facial plausibility" and should be dismissed. *Id.*

Furthermore, even if Plaintiff had identified an actual UTC product – *which it has not* – merely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the "plausibility" standard set forth in *Twombly* and *Iqbal*. *Medsquire,* Ex. 5, at 5.  Plaintiff has not even attempted to satisfy the minimum requirement of providing a description of how any accused systems infringe. *See Medsquire,* Ex. 5, at 6 ("The allegations should include, at a minimum, a description of how the [accused system] infringes.").  Indeed, Plaintiff's refusal to identify an accused product is systemic throughout all of its communications.  Limnia in a January 16 letter attempted to address UTC's request for identification of the accused product by generally referencing May 23-26, 2005 presentation, and conclusorily asserting that "[Limnia's] claim extends back to November 8, 2007, the publication date of the U.S. Patent Publication No. 2007/0259220, now U.S. patent 8.066,946." 1/16/12 Letter Bright to Spivey (Ex. 9).  Limnia followed that up with a

10

January 19 letter pointing to general depictions of things that took place back in 2005 arguing infringement of a patent that issued in 2011.  1/19/12 Letter Bright to Spivey (Ex. 10).  UTC responded by explaining that even if it accepted Limnia's conclusory assertion that its claim extends back to November of 2007, which UTC disagrees with, the 2005 presentation does not rectify or support Limnia's factually and legally deficient First Amended Complaint as the work discussed in the presentation was completed on March 31, 2007, pre-dating the '946 Patent's issue date by more than four (4) years, and  pre-dating the earliest date Limnia asserts that its claim extends back to by more than seven (7) months. 1/26/12 Letter Spivey to Bright (Ex. 11). UTC specifically pointed out that the Notice of Financial Assistance Award for the High Density Hydrogen Storage System Demonstration Using $Na AlH_4$ Complex Compound Hydrides project specified that the budget and project period was from 05/01/2002 thru 03/31/2007. *See* Notice of Financial Assistance Award (UTC000004) (Ex. 12).  Additionally, the Notification of Closeout and Deliverables Requirement for the same project corroborates that the subject award expired on 3/31/2007.  *See* Notification of Closeout and Deliverables Requirement (UTC 000001 - 000003) (Ex. 13).  Because the accused work and resulting system were completed before the earliest possible date that Limnia can use to support an allegation of infringement, the only conclusion that can be reached is that the system does not infringe the claims of the asserted '946 Patent.  Accordingly, Plaintiff's allegations simply cannot raise a right to relief.  *Twombly*, 550 U.S. at 555.

## IV.  PLAINTIFF'S ATTEMPT TO JOIN THE DEFENDANTS IN THIS ACTION VIOLATES FED. R. CIV. P. 20

Plaintiff has failed, *yet again*, to comply with this Court's joinder rules.  In its Amended Complaint, just as in its Initial Complaint, Plaintiff has joined three defendants with no apparent relation to one another.  Again, UTC is not accused of

11

4847-3418-8558.1

acting jointly with any other defendant.  This continues to be a classic case of misjoinder.  Plaintiff clearly seeks to avoid paying filing fees for filing three new legally and factually distinct infringement actions.  By joining all of these unrelated parties, and unrelated infringement allegations involving multiple patents in a single action, Plaintiff ignores the clear instruction of Congress, the Federal Rules of Civil Procedure, and the controlling case law.

### A.    Applicable Legal Standard

Pursuant to Fed. R. Civ. P. 20, there are two requirements designed to avoid unreasonable joinder of unrelated defendants in a single action.  Joinder is permitted only if:

(A)    any right to relief is asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)    any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  If Plaintiff cannot establish both of these requirements, then the unrelated defendants should be severed or dismissed.  *Bravado Int'l Group Merchandising Servs. v. Cha, No.* cv-09-9066-PSG, 2010 WL 2650432, at *1 (C.D. Cal. June 30, 2010) (Rule 20 "permits the joinder of multiple defendants only if two requirements are satisfied: transactional relatedness and commonality").  Here, Plaintiff cannot meet either prong of the test, let alone both required prongs.  Specifically, Plaintiff failed to identify any "transaction, occurrence, or series of transactions or occurrences" that involves multiple defendants and cannot show that there is a "question of law or fact common to all defendants" that will arise in the action.

The "same transaction" requirement refers to similarity in the factual background of a claim.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

4847-3418-8558.1

A "common allegation . . . does not suffice to create a common transaction or occurrence." *Id*. Numerous district courts have applied this rule, holding that the mere manufacture, sale, or operation by separate parties of similar products accused of infringing identical patents is alone insufficient to join unrelated parties as defendants in the same lawsuit. *See, e.g., WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *19 (N.D. Cal. Oct. 1, 2010); *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1049, 1051 (N.D. Ill. 2007); *DirecTV v. Loussaert*, 218 F.R.D. 639, 642-43 (S.D. Iowa 2003).

The Court need not reach the "common question" test in this case because Plaintiff's Amended Complaint plainly does not satisfy the "same transaction" test. *See Joao Control & Monitoring Sys. Of California v. ACTi Corp. Inc.*, No. 8:10-CV-01909-DOC-RNB, slip op. at 2 (C.D. Cal. Apr. 19, 2011) (Ex. 8).

When a party has been misjoined, Rule 21 provides for dismissal or severance of that party. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). "In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped [parties] against some or all of the present [parties] based on the claim or claims attempted to be set forth in the present complaint." *Coughlin*, 130 F.3d at 1350.

**B.   Plaintiff's Infringement Claims Against UTC Do Not Arise Out Of The Same Transaction, Occurrence, Or Series Of Transactions As Its Claims Against Other Defendants**

Although an appeal in this case would be heard by the Federal Circuit, because joinder is not an issue unique to patent law, the Federal Circuit would apply the law of the regional circuit. *Insituform Tech., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). The Ninth Circuit requires "a degree of factual commonality underlying the claims" for an alleged infringement to arise out of "the same

13

transaction, occurrence, or series of transactions or occurrences" under Rule 20.  *Id.*  "Typically, this means that a party must assert rights . . . that arise from *related activities.*"  *WiAV Networks*, at *3 (citations omitted).

Plaintiff does not allege that UTC's provision of any alleged systems is related to any other Defendant's alleged infringement, nor does Plaintiff allege that any other defendant acted jointly with UTC in providing any alleged systems or infringing the patents-in-suit.  Plaintiff provides only a common allegation that "Defendants have infringed the Limnia patents by making, selling, and offering to sell, in this judicial district, hydrogen storage systems/products covered by one or more claims in the [patents-in-suit] in this judicial district and elsewhere in the United States…."  Compl. ¶ 7.  A "common allegation," however, "does not suffice to create a common transaction or occurrence."  *See Coughlin*, 130 F.3d at 1350 (holding that the "common transaction" test is not satisfied by separate occurrences, even if the occurrences are similar).  Accordingly, Plaintiff's allegations are insufficient to show that UTC acted in concert with the other Defendants to engage in the allegedly infringing conduct, and UTC is improperly joined as a defendant in this action.

The recently enacted America Invents Act, 35 U.S.C. § 299 makes the Federal Rules' joinder provisions explicit in patent actions.  The misjoinder provisions therein mirror the "same transaction" and "common question" test and clarify that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."  *Id.* at § 299(b).  Further, the prevailing view is that assertion of the same patent against multiple independent defendants and products "does not mean the claims against [defendants] arise from a common transaction or occurrence."  *Androphy v. Smith & Nephew*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998); s*ee also Spread Spectrum Screening, LLC v. Eastman Kodak Co*., No. 10 C 1101, 2010 U.S. Dist. LEXIS 90549, 6-7 (N.D. Ill. Sept. 1, 2010) (severing

1   defendants holding allegations that both defendants infringe the same patent does not

2   establish that "the actions arise from a common transaction or occurrence"); *Pergo,*

3   *Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (severing the claims

4   against defendants because they do not "arise out of the same transaction or series of

5   transactions" simply because they "may have infringed the identical patent"); *Philips*

6   *Elecs. N. Am. Cor. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (severing

7   where the plaintiff's allegations that defendants has infringed the same patents could

8   not support the conclusion that "the actions of both defendants arise out of the same

9   transaction or series of transactions"); *New Jersey Mach. Inc. v. Alford Indus., Inc.*,

10   No. 89-1879 (JCL), 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) ("infringement of

11   the same patent by different machines and parties does not constitute the same

12   transaction or occurrence to justify joinder").

13       Plaintiff cannot undermine this prevailing view by referencing the minority line

14   of cases from the Eastern District of Texas, which has not been adopted in this Circuit,

15   permitting joinder of unrelated defendants under some circumstances.  *See e.g.,*

16   *Mymail, Ltd. v. Am. Online, Inc.,* 223 F.R.D. 455, 458 (E.D. Tex. 2004).  In *Mymail,*

17   the plaintiff asserted a single patent against multiple defendants.  *Id.*  The Court put

18   the burden on defendants to establish that their methods or products were different and

19   noted that "severance could be appropriate if defendants' methods or products were

20   dramatically different."  *Id.* at 458.

21       Further, courts in this Circuit have rejected the logic of *Mymail*.  Specifically,

22   Judge Carter of this District held that a defendant was improperly joined where

23   allegations were insufficient to show that the defendant acted in concert with the other

24   Defendants to engage in the allegedly infringing conduct.  *Joao Control*, No. 8:10-

25   CV-01909-DOC-RNB, slip op. at 3 ("Since a 'common allegation . . . does not suffice

26   to create a common transaction or occurrence,' the Court concludes that UTC is

27   improperly joined as a defendant in this action.") (quoting *Coughlin*, 130 F.3d at

28

4847-3418-8558.1

1350).   Likewise, Judge Alsup of the Northern District of California held that a plaintiff "cannot escape the fact that it is suing unrelated and competing defendants for their own independent acts of patent infringement." *WiAV Networks*, 2010 WL 3895047, at *3.   To avoid the kind of "monumental mess" that Judge Alsup anticipated in *WiAV Networks* and avoided through severance, this Court should order Plaintiff's "claims of infringement against unrelated defendants, involving unrelated [products and services]" to be "tried separately against each defendant."   *New Jersey Mach. Inc.,* 1991 WL 340196, at *2.

### C.   There Are No Common Questions Of Law Or Fact

The Amended Complaint also fails to meet the second necessary condition for permissive joinder because Plaintiff cannot show that any "question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2)(B). Because Plaintiff's sparse allegations do not explain how the patents-in-suit are asserted against all defendants, legal questions of the scope of the patents may not present any question of law "common to all defendants." *Id.* (emphasis added).

Even if Plaintiff does assert some of the same claims against multiple defendants, any suggestion that the claim construction process will present common legal issues is unpersuasive.   As the Federal Circuit recently reiterated, district courts need only construe the terms of a patent claim when the scope of those particular terms is "fundamentally in dispute." *Silicon Graphics, Inc. v. ATI Techs, Inc*., 607 F.3d 784, 798 (Fed. Cir. 2010); *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).   In this case, because each defendant is accused of infringing by providing a different product, "the differences in the products themselves" likely will cause the defendants to "focus on entirely different words even though they are in the same claim." *WiAV Networks*, 2010 WL 3895047, at *3.   As a result the "claim-construction work must be adapted to the actual issues being litigated over the varying accused devices." *Id.*   Accordingly, the terms that

16

1    require construction will necessarily be different for each of the multiple defendants,

2    giving rise to separate rather than common legal questions.

3           Finally, the Amended Complaint does not specify any facts common to all

4    defendants that will arise in this action.  Because the infringement allegations are

5    premised on unrelated acts of infringement by each defendant, and because Plaintiff

6    has provided no explanation for how these products raise common factual issues, no

7    common facts are presented relevant to infringement.  Additionally, facts relevant to

8    damages and discovery are likely to differ by defendant.  "In short, whatever common

9    issues may exist from device to device will be overwhelmed by the individual issues

10   of claim construction, damages, . . . and discovery supervision." *Id.*

11          **D.     UTC Will Suffer Unfair Prejudice**

12          Plaintiff's failure to satisfy Rule 20, on its own, is sufficient grounds to sever

13   UTC from this action.  Severance is particularly appropriate here, where forcing UTC

14   to rebut Plaintiff's allegations in the same proceeding with multiple defendants would

15   unfairly prejudice UTC's defense.  UTC is "entitled to present [an] individualized

16   assault[] on questions of non-infringement, invalidity, and claim construction." *Id.*

17   However, UTC will not have a full opportunity to do so in a case with three different

18   defendants, multiple patents, and some unknown number of products.  Because of the

19   variety of products, patents, and claims at issue, the multiple defendants "will surely

20   have competing interests and strategies," in raising defenses to Plaintiff's claims. *Id*.

21          UTC will be prejudiced if it is limited in the time for discovery, or the amount

22   of discovery permitted, because it must coordinate with other defendants who are

23   defending against unrelated claims.  Further, it is unreasonable to ask UTC to bear the

24   expense of paying for its attorneys' presence in any discussion about how other

25   companies' different products may have infringed patents not asserted against UTC.

26   Of course, the added expense of counsel's participation in unrelated cases not only

27   prejudices each Defendant, but also benefits Plaintiff, whose settlement position is

28

4847-3418-8558.1

enhanced by the threat of the substantial legal fees involved in defending this action.

Finally, cramming all of the disparate arguments—each of which should be presented in several separate patent infringement actions—into the short time period of a typical trial deprives UTC of an opportunity to mount a full defense. This scenario would make a manageable and fair trial as to any one defendant difficult at best, and, at worst, would introduce a significant danger of prejudicial confusion by the fact-finder. *See Philips*, 220 F.R.D. at 418 (granting motion to sever where trying the parties together would cause "a substantial risk of prejudice" to one party were the jury to believe that the parties were "somehow linked"). Instead, each Defendant's right to fairly present its own defense should be guarded. Each Defendant is entitled to present its own defense to the claim that its products infringe a patent. *WiAV Networks*, 2010 WL 3895047, at * 16 ("The accused defendants - who will surely have competing interests and strategies - are also entitled to present their own individualized assaults on questions of non-infringement, invalidity, and claim construction."). This right would be forfeited if they are all "thrown into a mass pit with others to suit plaintiff's convenience." *Id*. The Federal Rules do not permit Plaintiff's blatant abuse of the joinder procedures, particularly at the expense of each Defendant's right to vigorously contest the infringement claims against it.

### E.   Severance Will Promote Judicial Economy and Convenience

"Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1351. Of course, these values can only be promoted through correct application of the rule in the fact-specific circumstances presented to this Court. It is inconceivable that joinder of the defendants promotes judicial economy, or reduces inconvenience, delay, and expense. Further the joinder of these three distinct cases in a single action puts a great burden on any jury and this Court. *See Finisar Corp. v. Source Photonics, Inc.,* No. C 10-00032 WHA (N.D. Cal. May 5, 2010) ("the burden that such a maneuver would place

4847-3418-8558.1

on a single judge – who would get credit for only *one* civil action under our assignment system–would be erroneous").   As the Ninth Circuit held in *Coughlin*, where "the interests of justice are not served by joinder of the [parties]," they should be severed.  *Id.*

## V.    PLAINTIFF AND ITS COUNSEL SHOULD BE SANCTIONED

### A.    Legal Standards

#### 1.    28 U.S.C. § 1927 Permits the Imposition of Sanctions Against Limnia's Counsel

Section 1927 provides an independent basis for awarding sanctions against the party's counsel. Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The statute specifically provides that in such situations, a court may require an attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Id.*  In determining whether Section 1927 sanctions are warranted, mere recklessness by the violating attorney is sufficient. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

#### 2.    This Court Also Has Inherent Authority to Assess Costs and Attorneys' Fees Against Limnia And Its Counsel

The foregoing statutes and rules are not the sole source of this Court's authority to assess sanctions against Plaintiff and/or its attorneys under the circumstances of this case. The Supreme Court has held that 28 U.S.C. § 1927 and other statutes and rules authorizing sanctions:

19

4847-3418-8558.1

1
2
3
4
5
6
7
8
9
10

"federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees.  Although the 'American Rule' prohibits the shifting of attorney's fees in most cases … an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

11
12
13
14

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).  A court may order sanctions under its inherent power "if the court specifically finds bad faith or conduct tantamount to bad faith."  *B.K.B v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002).

15

**B.     Application of the Standards**

16

1.     **Plaintiff's Counsel Has Violated 28 U.S.C. § 1927.**

17
18
19
20
21
22
23
24

Plaintiff's counsel has violated Section 1927 by continuing to advance frivolous infringement allegations against UTC in reckless disregard for the Court's order dismissing the legally and factually deficient allegations of the Initial Complaint.  *See Thomas v. Capital Sec. Svcs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) ("[S]ection 1927 imposes a continuing obligation on attorneys by prohibiting the persistent prosecution of a meritless claim.").  Additionally, the repeated failure of Plaintiff's counsel to identify an accused product—in spite of UTC's continued requests for clarity and in defiance of this Court's order – is tantamount to bad faith.

25
26
27

Early in the case, UTC's counsel informed Plaintiff that UTC did not manufacture or sell the accused products identified in the Initial Complaint.  10/25/11 email de Gyarfas to Bright (Ex. 1).  UTC's counsel also informed Plaintiff that its

28

20

1    allegations were misdirected because UTC does not practice the patented methods,

2    and to the extent that Limnia's allegations were directed toward UTC's Government

3    contract work Limnia's exclusive remedy for patent infringement is against the United

4    States in the Court of Federal Claims. 10/28/11 Spivey to Bright (Ex. 2). Plaintiff has

5    yet to identify any materials that suggest otherwise. But despite having knowledge

6    that UTC does not manufacture or sell the accused products nor practice the accused

7    methods, Plaintiff's counsel has refused to dismiss UTC from its infringement

8    allegations or to amend its allegations to provide more specific facts that could

9    somehow create a reasonable inference that UTC infringes the patents-in-suit.

10        In response to Plaintiff's refusal to dismiss the case, UTC notified Plaintiff of

11   its intent to file a motion to dismiss. 10/28/11 Spivey to Bright (Ex. 2). In advance of

12   the motion, UTC explicitly identified the legal and factual bases upon which the

13   dismissal would be sought. 10/25/11 email de Gyarfas to Bright (Ex. 1). Shortly after

14   the expiration of Plaintiff's time to file a response, the Court issued its order

15   dismissing the Initial Complaint, and UTC sent an additional letter to Plaintiff's

16   counsel reiterating its concerns regarding Plaintiff's deficient infringement

17   allegations. In that letter UTC stated that:

18       Limnia's Complaint not only fails to provide any discernible basis for the

19       allegations against UTC but also ***fails to identify any UTC specific***

20       ***product. This raises serious concerns regarding Limnia's pre-suit***

21       ***investigation.*** As Limnia is undoubtedly aware, Rule 11 requires a party

22       to compare an accused device with the patent claims prior to filing the

23       complaint. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073

24       (Fed. Cir. 2002). Reliance on [Limnia's alleged pre-suit investigation

25       materials] for Rule 11 purposes, without more is a blatant violation of

26       Rule 11 because they do not provide a discernible good-faith basis for the

27       allegations against UTC. Further, [Limnia's alleged pre-suit investigation

28

4847-3418-8558.1

materials] are devoid of any information to support a good-faith comparison of the accused products to the patent claims. Id.

11/22/11 Letter Spivey to Bright. (Ex. 3) (emphasis added).  Plaintiff's counsel failed to respond to UTC and, in bad faith, re-asserted the same deficient allegations in the Amended Complaint.  In doing so, Plaintiff's counsel unreasonably and vexatiously multiplied these proceedings.  Plaintiff's counsel can provide no reasonable explanation for disregarding this Court's rules, causing not only UTC to expend valuable resources but also the Court.  Plaintiff's counsel could have simply either amended the complaint or dismissed its allegations against UTC and conserved the wasted resources.  Counsel's failure to rectify the legal and factual deficiencies of its Initial Complaint unnecessarily multiplies this action.  In light of the foregoing, Plaintiff's counsel should be sanctioned for bringing and maintaining frivolous patent infringement claims against UTC merely to harass, cause unnecessary delay, and needlessly increase the cost of litigation.

> ## 2.   The Court Should Also Use Its Inherent Powers To Impose Sanctions

Because the Court's inherent power to impose sanctions for bad-faith conduct is not displaced by sanction schemes of rules and statute, the Court should impose sanctions against Plaintiff's counsel for repeatedly engaging in the same misconduct in bad faith.  *Chambers*, 501 U.S. at 50 (holding that a court is not forbidden from sanctioning bad-faith conduct under its inherent powers simply because that conduct could also be sanctioned under § 1927 or the Federal Rules of Civil Procedure).

# VI.   CONCLUSION

Because Plaintiff has not set forth a plausible claim for relief against UTC, UTC respectfully requests that Plaintiff's action against UTC be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  UTC further request that Plaintiff and its

4847-3418-8558.1

counsel be sanctioned and ordered to pay UTC's fees and costs associated with defending this baseless patent infringement action.

Alternatively, because Plaintiff's allegations have not and cannot meet the common transaction or occurrence test of Rule 20(a)(2)(A) or the common question of law or fact test of Rule 20(a)(2)(B), UTC respectfully requests that the action against it be dismissed or severed pursuant to Federal Rule of Civil Procedure 21.

Dated: January 30, 2012                          Respectfully submitted,


                                     By:   /s/ Victor de Gyarfas
                                           Victor de Gyarfas
                                           FOLEY & LARDNER LLP

                                           Jonathan R. Spivey
                                           BRACEWELL & GIULIANI LLP

                                           Attorneys for Defendant
                                           UNITED TECHNOLOGIES
                                           CORPORATION

23

4847-3418-8558.1